UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN R. SPRINGS, INC.,

    Plaintiff,

v.

AFFILIATED FM INSURANCE
COMPANY,

    Defendant.

_____/

Case No. 20-11536

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL APPRAISAL [12], DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER [17], DENYING DEFENDANT'S MOTION TO COMPEL [24], AND GRANTING DEFENDANT'S MOTION TO ADJOURN SCHEDULING ORDER [30]**

This is an insurance coverage dispute. The matter is before the Court on four motions filed by the parties: (1) Plaintiff's motion for judgment on the pleadings or, alternatively, motion for a partial summary judgment to compel appraisal (ECF No. 12); (2) Plaintiff's motion for a protective order (ECF No. 17); (3) Defendant's motion to compel answers to interrogatories and responses to requests for the production of documents (ECF No. 24); and (4) Defendant's motion to adjourn the scheduling order (ECF No. 30). The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motions before the Court will be decided on the briefs and without oral argument. For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to compel appraisal, DENIES Plaintiff's motion for a protective order, DENIES WITHOUT PREJUDICE Defendant's motion to compel, and GRANTS Defendant's motion to adjourn the scheduling order.

1

**I.     Background**

Plaintiff first submitted its insurance claim to Defendant in October 2016 after five underground pipes broke under Arena 2 at Plaintiff's four ice rink facility in Troy, Michigan. In a letter dated November 10, 2016, Defendant acknowledged that the 2015-2016 policy it had issued to Plaintiff was in effect at the time. (ECF. No. 1-6.) The letter noted that the policy provides coverage on an occurrence basis—more specifically, "occurrence means the sum total of all loss or damage of the type insured . . . arising out of or caused by one discrete event of physical loss or damage." The letter further stated that each pipe break would be considered a separate occurrence, subject to a $10,000 deductible, and that "[a]dditional comments on coverage will be made at a later date as necessary." The breaks were believed to have occurred as a result of "forces exerted by adjacent frozen soil likely due to a low hot water flow rate." The letter noted that the cost of the repairs was reported to be approximately $40,000 at the time.

Additional loss or damage, however, later took place under all four of the rinks, including damage to the piping in all rinks, the mechanical room, and the rink floors. And in September 2019, Plaintiff submitted a proposal to replace all four ice rinks and other equipment with a total cost of close to $7.5 million. Plaintiff claims that all of this damage is "arising out of or caused by" the five breaks because all four rinks are housed in the same building and share a common "hot water" return system, or "loop." Defendant, however, disputes this assertion. Plaintiff submitted a proof of loss in March 2020, and it was acknowledged by Defendant.

Defendant was still investigating the claim when Plaintiff filed this suit on June 11, 2020. (ECF No. 1.) On August 3, 2020, the Court issued a scheduling order, setting

the discovery cut-off on January 15, 2021, and the dispositive motion deadline on February 26, 2021.  (ECF No. 10.)  Less than one month after this order was entered and before any discovery was conducted, Plaintiff filed its motion to compel appraisal.  (ECF Nos. 12, 14, 16, 29.)  Defendant filed a response opposing Plaintiff's motion, (ECF No. 15), and later issued discovery requests to Plaintiff.  In response, Plaintiff filed a motion for entry of a protective order staying all discovery pending the Court's resolution of the motion to compel appraisal.  (ECF Nos. 17, 22.)  Defendant filed a response opposing this motion, (ECF No. 18), and later filed a motion to compel answers to its interrogatories and responses to its requests for the production of documents, (ECF Nos. 24, 28).  Defendant stated that despite the pending motions before the Court, it was attempting to comply with the scheduling order in effect at the time.  Plaintiff filed a response opposing Defendant's motion to compel, arguing in part that its pending motion for a protective order excuses its failure to respond to Defendant's discovery requests.  (ECF No. 25.)  One day before the deadline for discovery passed, Defendant filed a motion to adjourn the scheduling order by sixty days.  (ECF No. 30.)

**II.     Plaintiff's Motion to Compel Appraisal**

    **A.     Standard of Review**

Plaintiff's motion is titled as one for a judgment on the pleadings or, alternatively, partial summary judgment to compel appraisal.  A review of the briefing, however, reveals that it is a motion for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  "[W]hen the plaintiff moves for judgment on the pleadings, the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled

3

to judgment as a matter of law." *Lowden v. County of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010).

    **B.   Analysis**

Plaintiff seeks an order requiring Defendant to proceed to appraisal with respect to the amount of loss due to the 2016 breaks and staying the entire case until completion of the appraisal process.  Defendant argues that appraisal is premature at this time.

Under Michigan law, if an insurer and the insured disagree on the amount of a loss of a claim, "either party may make a written demand that the amount of loss . . . be set by appraisal."  Mich. Comp. Laws § 500.2833(1)(m).  At that point, once the "insurer admits that a loss is covered under its policy, a court is statutorily mandated to order the parties to participate in Michigan's statutory appraisal process, as the parties do not dispute liability and only are at odds about the amount of loss."  *The D Boys, L.L.C. v. Mid-Century Ins. Co.*, 644 F. App'x 574, 578 (6th Cir. 2016).  However, if "if liability is not admitted by an insurer, the trial court must first determine the issue of 'coverage' before ordering appraisal."  *Id.*; *see also Auto-Owners Ins. Co. v. Kwaiser*, 476 N.W.2d 467, 469-70 (Mich. Ct. App. 1991).

Plaintiff argues that because Defendant has admitted coverage with respect to the loss "arising out of or caused by" the five 2016 breaks and Plaintiff has submitted a proof of loss, Defendant is required to proceed with Michigan's statutory appraisal process.  Defendant responds by arguing that there are a number of coverage issues and affirmative defenses that require resolution by the Court before appraisal can occur. More specifically, Defendant notes that while it concedes coverage for the cost of

repairing the five 2016 pipe breaks under Arena 2, it denies there is a connection between those breaks and the remainder of Plaintiff's insurance claim.  Defendant argues that the Court may need to address whether Plaintiff is entitled to the replacement of undamaged property because the policy covers "risks of physical loss or damage."  Defendant also notes that particular losses may fall within categories of excluded perils under the policy—wear and tear, deterioration, or corrosion; faulty workmanship; changes of temperature; and settling, cracking, shrinking, bulging, or expansion of floors.

Having considered the pleadings and the arguments made by the parties, the Court agrees with Defendant that appraisal is premature at this early juncture of the case.  While the Court may ultimately find that the only genuine disputes between the parties relate to scope-of-loss issues that should be decided by appraisers, rather than coverage issues that should be decided by the Court, it cannot do so based on the pleadings alone.  Defendant is entitled to first conduct discovery to explore the issues it asserts may limit coverage.  *See Cox v. State Farm Fire & Cas. Co.*, No. 19-12235, 2019 U.S. Dist. LEXIS 225171, at *8-11 (E.D. Mich. Nov. 20, 2019).  Then, if the parties agree on any remaining disputes or Plaintiff successfully contests those issues in a future motion for summary judgment, the Court may order the parties to submit the case to appraisal at that point.  *See id.* at *10.  Accordingly, Plaintiff's motion to compel appraisal is denied without prejudice.

### III. Plaintiff's Motion for Protective Order

Plaintiff seeks a protective order staying discovery pending the Court's ruling on its motion to compel appraisal.  In so doing, Plaintiff argues that Defendant's discovery

requests are unwarranted because they relate to questions that are more appropriately decided by appraisers. However, this is similar to the argument Plaintiff makes in its motion to compel appraisal, which is pending before the Court. Notwithstanding, because the Court is now denying Plaintiff's motion to compel appraisal, Plaintiff's motion for a protective order is moot. Accordingly, the Court denies this motion.

### IV. Defendant's Motion to Compel

Defendant moves for an order compelling answers to its interrogatories and responses to its requests for the production of documents. Because the propriety of Defendant's discovery requests was placed before the Court when Plaintiff filed its motion for a protective order, the Court finds Defendant's motion to compel premature. Accordingly, the Court denies this motion without prejudice to refiling if the need to do so arises.

### V. Defendant's Motion to Adjourn Scheduling Order

Defendant requests the Court enter an order adjourning all dates in the current scheduling order by a period of sixty days. In light of this case's procedural history, the Court finds there is good cause to modify the scheduling order. The Court will adjourn all dates by sixty days.

### VI. Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's motion to compel appraisal is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for a protective order is DENIED as moot.

IT IS FURTHER ORDERED that Defendant's motion to compel is DENIED WITHOUT PREJUDICE.

FINALLY, IT IS ORDERED that Defendant's motion to adjourn the scheduling order is GRANTED.  Discovery shall be re-opened, and the scheduling order shall be adjourned by sixty days as follows:

| | |
|---|---|
| Discovery cut-off: | March 15, 2021 |
| Dispositive motions filed by: | April 26, 2021 |
| Final Pretrial Order Due: | August 9, 2021 |
| Final Pretrial Conference: | August 16, 2021 |
| Trial Date: (Trailing) | September 7, 2021 |

SO ORDERED.

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated: January 22, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 22, 2021, by electronic and/or ordinary mail.

                                      s/Lisa Bartlett
                                      Case Manager