UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN R. SPRINGS, INC.,

        Plaintiff,                Case No. 20-11536

v.                                Honorable Nancy G. Edmunds

AFFILIATED FM INSURANCE
COMPANY,

        Defendant.

_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION [32]**

This is an insurance coverage dispute.  On January 22, 2021, the Court entered an order denying Plaintiff's motion to compel appraisal without prejudice, finding an appraisal premature at this early juncture of the case.[1]  (ECF No. 31.)  The matter is now before the Court on Plaintiff's motion for reconsideration.  (ECF No. 32.)

Under Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects.  For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. L.R. 7.1(h)(3).  A court generally will not grant a motion for reconsideration

---

[1] In the same order, the Court also denied Plaintiff's motion for a protective order, denied Defendant's motion to compel without prejudice, and granted Defendant's motion to adjourn the scheduling order.

1

that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication."  *Id.*

Here, Plaintiff insists it is not simply rehashing arguments previously made. Instead, Plaintiff argues that the Court was misled when Defendant cited to *Cox v. State Farm Fire & Cas. Co.*, No. 19-12235, 2019 U.S. Dist. LEXIS 225171 (E.D. Mich. Nov. 20, 2019), rather than a subsequent order issued in the same case, *Cox v. State Farm Fire & Cas. Co.*, No. 19-12235, 2020 U.S. Dist. LEXIS 66861 (E.D. Mich. Apr. 16, 2020), which Plaintiff believes supports its position.  However, Plaintiff raised this precise point in the reply brief it filed in support of its original motion.  (*See* ECF No. 16, PgID 992.)  Yet, the Court found that Defendant is entitled to conduct discovery in this case.  And while Plaintiff notes that the court in *Cox* stated in its second order that "[c]ourts have rejected insurer arguments that appraisal conflicts are coverage disputes hiding in plain sight," the court conducted that analysis on a motion for summary judgment—after discovery had been completed.  *See Cox*, 2020 U.S. Dist. LEXIS 66861, at *10-30.  And to the extent Plaintiff relies on *Beverly Hills Racquet & Health Club v. Cincinnati Cas. Ins. Co.*, No. 19-12388, 2020 U.S. Dist. LEXIS 141341, at *15 (E.D. Mich. Aug. 7, 2020), an order issued prior to Plaintiff filing its underlying motion, the Court need not address it on a motion for reconsideration.  *See Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that parties should not use motions for reconsideration "to raise arguments which could, and should, have been made before" the ruling issued).

In sum, Plaintiff has not demonstrated a palpable defect by which the Court and the parties have been misled.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 17, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager