UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN R. SPRINGS, INC.,

       Plaintiff,

v.

AFFILIATED FM INSURANCE
COMPANY,

       Defendant.
_____/

Case No. 20-11536

Honorable Nancy G. Edmunds

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [49]
AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER [47]**

This is an insurance coverage dispute. On August 18, 2021, Magistrate Judge David R. Grand entered an order granting in part and denying in part Plaintiff's second motion concerning Plaintiff's interrogatories and document requests and to strike affirmative defenses "[f]or the detailed reasons stated on the record" at the hearing that had taken place that day. (ECF No. 47.) The matter is now before the Court on Plaintiff's objections to that order. (ECF No. 49.) Defendant has responded to the objections. (ECF No. 50.) Being fully advised in the premises, having read the pleadings, and for the reasons stated below, the Court OVERRULES Plaintiff's objections and AFFIRMS the Magistrate Judge's order.

**I.**    **Background**

Plaintiff first submitted its insurance claim to Defendant in October 2016 after five underground pipes broke under Arena 2 at Plaintiff's four ice rink facility in Troy, Michigan. In a letter dated November 10, 2016, Defendant acknowledged that the 2015-2016 policy it had issued to Plaintiff was in effect at the time. (ECF. No. 1-6.) The letter noted the

1

policy provides coverage on an occurrence basis; each pipe break would be considered a separate occurrence, subject to a $10,000 deductible; and "[a]dditional comments on coverage will be made at a later date as necessary." The breaks were believed to have occurred as a result of "forces exerted by adjacent frozen soil likely due to a low hot water flow rate." The cost of the repairs was reported to be approximately $40,000 at the time.

Additional loss or damage, however, later took place under all four of the rinks, including damage to the piping in all rinks, the mechanical room, and the rink floors. And in September 2019, Plaintiff submitted a proposal to replace all four ice rinks and other equipment at a total cost of close to $7.5 million. Plaintiff claims all of this damage is "arising out of or caused by" the five breaks because all four rinks are housed in the same building and share a common "hot water" return system or "loop." Defendant was still investigating the claim when Plaintiff filed this lawsuit in June 2020. (ECF No. 1.)

Plaintiff's initial position was this case should be submitted to appraisal immediately. However, the Court denied Plaintiff's motion to compel appraisal as premature and held that Defendant is entitled to conduct discovery. (ECF No. 31.) Since then, the parties have had a number of discovery disputes, which were referred to Magistrate Judge Grand.

**II.     Standard of Review**

Under both 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may reconsider any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." The clearly erroneous standard applies only to the magistrate judge's factual findings. *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (internal quotations and

citations omitted). A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be clearly erroneous. *See Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). The magistrate judge's legal conclusions are reviewed under the contrary to law standard. *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25 (internal quotations and citations omitted). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 U.S. Dist. LEXIS 81316, at *6 (E.D. Mich. July 26, 2011) (citation omitted). The Court must use independent judgment when reviewing a magistrate judge's legal conclusions. *Id.* When a discovery order centers on a magistrate judge's determination of relevance, district courts have used the abuse of discretion standard, finding this standard appropriate in light of the broad discretion a court has over discovery matters. *See Moore v. Westgage Resorts, L.P.*, No. 3:18-CV-00410-DCLC, 2020 U.S. Dist. LEXIS 224283, at *3-4 (E.D. Tenn. Nov. 20, 2020) (citing *Equal Emp't Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484-85 (N.D. Cal. 2014)).

**III.   Analysis**

Plaintiff first objects to the Magistrate Judge conditioning the production of certain documents upon their actual use by insurance adjusters in denying Plaintiff's claim. The documents are Defendant's claims manual and guidelines regarding its claims handling process as well as prior versions of the insurance policy along with copies of all internal materials used by Defendant in interpreting those policies. Defendant states it has

provided Plaintiff with its complete underwriting file, including prior versions of its insurance policy, and that any internal documents addressing the meaning of those policies are irrelevant and not discoverable absent a finding of ambiguity.

During the hearing on Plaintiff's motion, the Magistrate Judge questioned the relevance of the materials sought before making an exception for any materials actually used by insurance adjusters in denying the claim in this case.[1]  *See* ECF No. 48, PageID.2095-96 (noting the history of insurance adjusters' training is not relevant because there is no bad faith claim and "it's a bit of a stretch even to get into any aspect of the manual"); *see also id.* at PageID.2111-12.  The Court finds this relevance determination well within the Magistrate Judge's discretion.  To the extent Plaintiff argues these materials will assist in the resolution of ambiguities in the insurance policy, the Court notes there has been no finding of ambiguity here.  And while Plaintiff cites to cases which have held that a party need not wait for a finding of ambiguity to be entitled to the discovery of claims manuals, underwriting guidelines, and related information, there are other cases which have held to the contrary, reasoning that this type of discovery request could lead to a fishing expedition.  *See, e.g., Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 117-18 (M.D. Pa. 2017).  Thus, the Magistrate Judge's conclusion was not contrary to law, and Plaintiff's first objection is overruled.

Plaintiff also objects to something the Magistrate Judge supposedly stated at the hearing—that the parties had stipulated to the start date for the accrual of penalty interest.  Based on a review of the hearing transcript, however, it appears Plaintiff is referring to

---

[1] To the extent the Magistrate Judge ordered production of any of these documents used by insurance adjusters in denying Plaintiff's claim, Defendant states its adjusters did not rely on any such documents.

4

something counsel for Defendant, not the Magistrate Judge, stated. (*See* ECF No. 48, PageID.2058.) Also, Defendant does not dispute that there has not been a stipulation in this regard. And to the extent the Magistrate Judge believed the parties were in agreement as to the date, Plaintiff does not explain how this mistaken belief impacted the Magistrate Judge's ultimate ruling on its motion. Thus, Plaintiff's second objection is overruled.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, and the Magistrate Judge's order is AFFIRMED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 3, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 3, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager